# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:
TRAVIS LAMART PIERCE
Last four digits of social security #: 6897
TANIKA DYNELL PIERCE
Last four digits of social security #: 6283
229 Two Forts Road
Moncks Corner, SC 29461

Debtors.

CASE NO: **19-00501-JW**
CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtors in the above captioned case filed a chapter 13 plan on February 15, 2019. The plan is attached.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the chapter 13 plan must be in writing and filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtors, and any attorney for the debtors no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date:   February 15, 2019

/s/ R. Michael Drose
R. Michael Drose, District Court I.D. #609
Drose Law Firm
Attorneys for the Debtor
3955 Faber Place Dr., Ste. 103
Charleston, SC 29405
843-767-8888; 843-620-1035 fax
drose@droselaw.com

Debtor _____Travis and Tanika Pierce_____    Case Number _____19-00501-jw_____

| Debtor 1 TRAVIS LAMART PIERCE |
| Last four digits of social security number: 6897 |
| Debtor 2 TANIKA DYNELL PIERCE |
| Last four digits of social security number: 6283 |
| 229 Two Forts Road |
| Moncks Corner, SC 29461 |
| United States Bankruptcy Court for the : District of South Carolina |
| Case number _____19-00501-jw_____ |

____ Check if this is a modified plan, and list below the sections of the plan that have been changed.

____ Pre-confirmation modification

____ Post-confirmation modification

_____

_____

**District of South Carolina**

# Chapter 13 Plan

12/17

## Part 1: Notices

To Debtors:  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ✓ Included | __ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ✓ Included | __ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ✓ Included | __ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ✓ Included | __ Not included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ _3,625_ per month for _sixty (60)_ months

2

Debtor ____Travis and Tanika Pierce_____    Case Number ____19-00501-jw_____

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

    ___    The debtor will make payments pursuant to a payroll deduction order.
    ___    The debtor will make payments directly to the trustee.
    _✓_    Other (specify method of payment ): tfsbillpay.com

**2.3    Income tax refunds.**

    _✓_    The debtor will retain any income tax refunds received during the plan term.
    ___    The debtor will treat income tax refunds as follows:

**2.4    Additional payments.**

    _✓_    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*
    ___    None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced*

    _✓_  **3.1( c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

**3.2 Request for valuation of security and modification of undersecured claims.**

   ___ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

_✓_ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    Unless 11 U.S.C. § 1325(a)(5)(A) or ©) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(I). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor ____Travis and Tanika Pierce_____    Case Number ____19-00501-jw____

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Auto Money of Moncks Corner | $2,000 | 2007 Suzuki GSX R1000 | $1,500 | $0 | $1,500 | 6.0% | $39 or more |
| One Main Financial | $8,536 | 2004 Honda Accord | $2,500 | $0 | $2,500 | 6.0% | $48 or more |

3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

___ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

_✓_ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor | Disbursed by: |
|---|---|---|---|---|---|
| Ford Credit | 2017 Ford F-350 | $53,361 | 6.0% | $1,032 (or more) | Trustee |
| Low Country Credit | 2008 Chevrolet Avalanche | $7,696 | 6.0% | $149 (or more) | Trustee |
| Santander | 2017 Kia Optima | $23,858.63 | 6.0% | $462 (or more) | Trustee |

3.4   Lien avoidance.

___ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

_✓_ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior /unavoidable liens | Applicable Exemption and Code Section | Value of Debtor's interest in property | Amount of lien Not avoided (To be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Quick Credit - household goods | $790 | $0 | $2,400 - S.C. Code Ann. § 15-41-30(A)(3) | $2,400 | $0 | $790 |
| Regional Finance - household goods | $5,084.02 | $0 | $2,400 - S.C. Code Ann. § 15-41-30(A)(3) | $2,400 | $0 | $5,084.02 |

3.5  Surrender of collateral.

_✓_ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor ____Travis and Tanika Pierce____    Case Number ____19-00501-jw____

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

 a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

 b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

___ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

_✓_ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

 a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **Mary Johnson**, at the rate of **$N/A** or more per month until the balance, without interest, is paid in full.

 b. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **Pamela Smith**, at the rate of **$N/A** or more per month until the balance, without interest, is paid in full.

 c. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

 d. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

___ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

___ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

_✓_ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

Debtor ___Travis and Tanika Pierce___    Case Number ___19-00501-jw___

| Name of creditor | Amount of claim to be paid |
|---|---|
| Colleton County Clerk of Court | $ 5,065 <br> Disbursed by: ✓ Trustee |

| Name of creditor | Amount of claim to be paid |
|---|---|
| Colleton County Clerk of Court | $ 11,130 <br> Disbursed by: ✓ Trustee |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

✓ The debtor estimates payments of less than 100% of claims.
___ The debtor proposes payment of 100% of claims.
___ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

✓ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

___ Other. The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

Debtor _____Travis and Tanika Pierce_____  Case Number ___19-00501-jw___

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

___ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

*(a)* **Mortgage payments to be disbursed by the Trustee ("Conduit"):**

In addition to the below, the provisions of the assigned Judge's Operating Order In re: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Penny Mac | TMS: 162-13-01-106  Real property located at 229 Two Forts Road Moncks Corner, SC 29461 | $870.75  Escrow for insurance: Yes  Escrow for taxes: Yes | $29 or more | $9,350 | $156 or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

*(b)* **Debtor's Statement in Support of Confirmation:**

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*
*(2) The consequences of any default under the plan, including the direct payments to creditors; and*
*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

Debtor _____Travis and Tanika Pierce_____   Case Number ___19-00501-jw___

**(c)    Reservation of Rights**

*Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.*

**(d)**    *The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.*

**(e)**    *Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan.* <u>**Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.**</u>

**(d)**    ***Post-Petition Enrollment in IDR or Other Repayment Plan:*** *The Debtor may submit an application for participation in any IDR plan, including but not limited to the Public Service Loan Forgiveness Program, for which the Debtor is otherwise qualified, without disqualification due to the bankruptcy. If the Debtor is qualified for an IDR plan, Student Loan Creditor may place the Debtor in an IDR plan while the Chapter 13 case is open. Debtor may also elect to enroll in any non-IDR repayment plan without disqualification due to the bankruptcy if Debtor is otherwise eligible. Whether qualified for an IDR plan or enrolled in a non-IDR plan, monthly payments will be due to Student Loan Creditor while this Chapter 13 case is open.*

## Part 9:  Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney.**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  /s/ Travis Lamart Pierce                           X  /s/ Tanika Dynell Pierce
    Travis Lamart Pierce                                    Tanika Dynell Pierce

Executed on __February 15, 2019__          Executed on __February 15, 2019__

X  /s/ R. Michael Drose                                Date___February 15, 2019___
    R. Michael Drose DCID#609
    Drose Law Firm
    3955 Faber Place Drive, Suite 103
    Charleston, SC 29405
    843-767-8888; 843-203-3260 fax
    drose@droselaw.com

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

TRAVIS LAMART PIERCE
Last four digits of social security #: 6897
TANIKA DYNELL PIERCE
Last four digits of social security #: 6283
229 Two Forts Road
Moncks Corner, SC 29461

Debtors.

CASE NO: 19-00501-JW

CHAPTER 13

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Chapter 13 Trustee


Date:   February 15, 2019           BY: /s/ Ashlee Jack
                                        Ashlee Jack
                                        Office Personnel
                                        Drose Law Firm
                                        3955 Faber Place Drive, Suite 103
                                        Charleston, SC 29405
                                        Phone:  843-767-8888
                                        Fax:  843-620-1035
                                        drose@droselaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 19-00501-jw<br>District of South Carolina<br>Charleston<br>Fri Feb 15 09:45:24 EST 2019 | Allstate<br>Credit Collection Services<br>2 Wells Avenue<br>Newton Center MA 02459-3246 | Attorney General of The US<br>Civil Division Bankruptcy Section<br>US Department of Justice<br>Washington DC 20530-0001 |
| Auto Money of Moncks Corner<br>435 Hwy 52 North<br>Moncks Corner SC 29461-3995 | Tanika Dynell Bausley<br>229 Two Forts Road<br>Moncks Corner, SC 29461-7389 | Ann U. Bell<br>Drose Law Firm<br>3955 Faber Place Dr. Ste 103<br>Charleston, SC 29405-8565 |
| Berkeley County Tax Collector<br>PO Box 6122<br>Moncks Corner SC 29461-6120 | Paul W. Bradley<br>Bradley Law Firm, LLC<br>6 Carriage Lane, Suite A<br>Charleston, SC 29407-6010 | Capital One<br>PO Box 71083<br>Charlotte NC 28272-1083 |
| Catos<br>CHNB<br>PO Box 34216,<br>Charlotte NC 28234-4216 | Child Support Enforcement Division<br>Department of Social Services<br>PO Box 1469<br>Columbia SC 29202-1469 | Colleton County Clerk of Court<br>101 Hampton St<br>Walterboro SC 29488-3926 |
| (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | R. Michael Drose<br>3955 Faber Place Drive<br>Suite 103<br>North Charleston, SC 29405-8565 | Federal Loan Servicing<br>PO Box 69184<br>Harrisburg PA 17106-9184 |
| Fingerhut<br>PO Box 3040<br>Southeastern PA 19398 | (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JC Penney<br>PO Box 960001<br>Orlando FL 32896-0001 | Javelle Bausley<br>349 Courtney Round<br>Summerville SC 29486-5306 |
| Lion Loan<br>National Credit Adjusters<br>PO Box 3023<br>Hutchinson, KS 67504-3023 | Low Country Credit<br>1510 N Main Street<br>Summerville SC 29486-7867 | Lowcountry Credit, Inc.<br>c/o Paul W. Bradley, Esquire<br>6 Carriage Lane, Ste. A<br>Charleston, SC 29407-6010 |
| Lowcountry Credit, Inc.<br>9570 Highway 78, Suite 102<br>Ladson, SC 29456-3911 | Mary Johnson<br>14 Eastview Road<br>Lot 3<br>Edgefield, SC 29824-4239 | National Credit Adjusters LLC<br>PO Box 3023<br>Attn: Bankruptcy Department<br>Hutchinson, KS 67504-3023 |
| Navient Dept of Education<br>Attn Correspondence<br>PO Box 9635<br>Wilkes Barre PA 18773-9635 | Nelnet Inc<br>PO Box 2970<br>Omaha NE 68103-2970 | Nelnet on behalf of ECMC<br>PO Box 16408<br>St. Paul, MN 55116-0408 |

One Main Financial
484 Highway 52, Ste 111
Moncks Corner SC 29461-3984

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pamela Smith
6808 CROSS SWAMP ROAD
ISLANDTON, SC 29929-3102

Penny Mac
PO Box 514387
Los Angeles CA 90051-4387

Travis Lamart Pierce
229 Two Forts Road
Moncks Corner, SC 29461-7389

Quick Credit
4365 Dorchester Road Ste 109
North Charleston SC 29405-8422

REGIONAL MANAGEMENT CORPORATION
979 BATESVILLE ROAD SUITE B
GREER, SC 29651-6819

Regional Finance
104 Bi-Lo Way St
Moncks Corner SC 29461

Roadmaster
6110 NE 127th Ave.
Vancouver WA 98682-5816

SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265

SC Dept of Social Services
PO Box 1520
Columbia SC 29202-1520

SC Federal Credit Union
PO Box 190012
Charleston SC 29419-9012

Santander
PO Box 560284
Dallas TX 75356-0284

Sprint
PO Box 96064
Charlotte NC 28296-0064

Synchrony Bank / Rooms To Go
PO Box 960061
Orlando FL 32896-0061

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

US Attorney for South Carolina
For The Internal Revenue Service
1441 Main Street Suite 500
Columbia SC 29201-2897

US Dept of the Treasury
Bureau of the Fiscal year
PO Box 830794
Birmingham AL 35283-0794

Walmart
PO Box 530938
Atlanta GA 30353-0938

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Direct TV
PO Box 6414
Carol Stream IL 60197

Ford Credit
National Bankruptcy Service Center
PO Box 6275
Dearborn MI 48121

Home Depot
PO Box 653000
Dallas TX 75265

Internal Revenue Service
1835 Assembly Street
Stop MDP 39
Columbia SC 29201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients    49<br>Bypassed recipients     2<br>Total                  51 |